UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LETONYA K. GRAGGS                                    CIVIL ACTION NO. 14-1119

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

COMMUNITY CARE CENTER OF                             MAGISTRATE JUDGE HORNSBY
SHREVEPORT - SOUTH, LLC d/b/a
HERITAGE MANOR SOUTH

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 19) filed on behalf of Defendant Community Care Center of Shreveport - South, LLC d/b/a Heritage Manor South ("Heritage Manor South"). Heritage Manor South seeks dismissal of the racial discrimination and retaliation claims of Plaintiff Letonya K. Graggs ("Graggs"). To date, Graggs has not opposed Heritage Manor South's dispositive motion. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED** and all of Graggs' claims are **DISMISSED**.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

---

[1] The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and advisory committee's note.

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In the present matter, Heritage Manor South's Motion for Summary Judgment is unopposed. On February 10, 2015, this Court issued a "Notice of Motion Setting" (Record Document 20) giving Graggs fourteen (14) calendar days from February 10, 2015 to file an opposition to the Motion for Summary Judgment. She has not done so as of the drafting of the instant ruling.

Specifically, the Court notes the following undisputed facts, as set forth in Heritage Manor South's Statement of Undisputed Material Facts:

- Graggs acknowledged in writing that she was provided and read the Facility Employee Handbook containing the "no call no show" policy, and other rules regarding discipline and termination or suspension of employment.

- Graggs did not report for her shift on January 5, 2014, and did not call the facility to inform them she would not be present for the shift. Graggs never explained her absence.

- Graggs reported for her shift on January 6, 2014, and was not allowed to clock in per [Heritage Manor South's] policy. She was informed that she needed to speak with the facility administrator before she could resume work, because she had failed to report for her January 5, 2014 shift, and had failed to advise that she would not be reporting to work.

- It was determined that Graggs would be suspended for the January 6, 2014 shift, but could return to work on January 7, 2014.

- The suspension was a penalty commonly imposed on employees who violated the "no call no show" policy.

- Graggs reported to work for her January 7, 2014 shift, and she continued to work her regular shifts until February 11, 2014.

- On February 11, 2014, Graggs called the Assistant Director of Nursing D'Ann Irby before her shift was to begin that day, and resigned her position effective immediately.

- At no time during Graggs' employment at Heritage Manor [South] did she face any discrimination based on her race or gender. The one-day suspension (January 6) for violating the "no call no show" policy was a common discipline for such violations, and she was not singled out for any special discipline.

Record Document 19-1 at ¶¶ 4, 10-14, 16. These material facts set forth by Heritage Manor South have not been controverted by Graggs and are hereby deemed admitted. Heritage Manor South, therefore, has met its initial burden of informing the court of the basis for its motion and demonstrating through competent summary judgment evidence the absence of a genuine dispute of material fact. Moreover, because Graggs filed no opposition, she has

failed to go beyond the pleadings and designate specific facts showing that there is a genuine dispute for trial. In conclusion, this Court finds no genuine dispute of material fact for trial and holds that summary judgment in favor of Heritage Manor South is appropriate as a matter of law.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 19) filed by Heritage Manor South be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all claims of Graggs are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of April, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE